| United States District Court | Southern District of Texas |
|---|---|

| Adrian Gollas, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-08-3613 |
| | § | |
| University of Texas Health Science Center at Houston, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A second-year medical resident says that he saw a physician sexually harassing a nurse and reported it to the university. He claims that the university retaliated against him for reporting what he saw by revoking his appointment for the third year of his residency. Because he did not engage in a protected activity and because he failed two residency rotations, he will lose.

2. *Background.*

Adrian Gollas has been an anesthesiologist for ten years. He returned to school to become double-board certified in anesthesiology and pediatrics. In 2006, Gollas began his second year of residency in pediatrics at the University of Texas Health Science Center at Houston.

His initial evaluations were typical of a second-year resident. In November, 2006, his performance declined and the faculty met with him to discuss his marks. He improved in December and January, so in the beginning of February, the university reappointed him for the third year of his residency.

Later in February, 2007, Gollas' scores declined again. He failed two rotations in the pediatric intensive care unit and in pediatric emergency medicine. His evaluations reflect that his knowledge, professionalism, and skill-level were below his peers and the faculty's

expectations of a second-year resident. The faculty revoked his reappointment in early March, 2007. He was notified of his right to appeal in April, but did not.

3.  *Reporting.*

Gollas believes he was terminated because he saw and reported sexual harassment that occurred in the emergency department at Memorial Hermann Hospital on February 27, 2007. He says that a university faculty member, Doctor Aroyo, made sexually inappropriate comments about a pregnant nurse. Instead of following the university's procedure for complaining, Gollas confronted Aroyo in the emergency department. They argued loudly.

Gollas says he reported the harassment to several faculty members. The faculty says that he only complained about Aroyo's language and his altercation with Aroyo in the emergency center – not about a specific act of sexual harassment. Gollas says that he did prepare a written complaint and gave it to another nurse to deliver to Doctor McCarthy, a supervising member of the faculty. No one on the faculty received it and Gollas never confirmed that the nurse delivered it. In a letter to the EEOC, he says that he told that nurse to arrange a telephone conversation with McCarthy. There is no evidence that this happened, either. His stories are inconsistent and not corroborated by anyone other than himself.

Because there is no credible evidence that Gollas reported an incident of sexual harassment before his reappointment was revoked, he could not have been retaliated against.

4.  *No Protected Activity.*

Gollas says that the university terminated his residency because he engaged in the protected activity of reporting the harassment. An employer may not discriminate against an employee for reporting sexual harassment, as this activity is protected. U.S.C. § 200e-3(a). If the employee is fired for engaging in a protected activity, he has a claim for retaliation against his employer. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 439 (5th Cir. 2005).

Gollas did not do anything that is protected by the statute. His principal means for reporting what he saw was by provoking an altercation with Arroyo in the emergency center. Gollas could have followed hospital procedure and made a proper complaint in writing; instead, vented his anger at Arroyo. That act does not underlie a claim for retaliation.

5.  *Valid Termination.*

The university education committee did not reappoint Gollas as a third-year resident because he failed two rotations in the pediatric intensive care unit and in emergency medicine. His evaluations evince that he lacked the basic knowledge needed to care for children and to avoid serious medical errors.

The faculty says Gollas repeatedly mis-diagnosed patients, did not give appropriate care, and disappeared during shifts. He was also argumentative, did not accept feedback from attending physicians, and did not show improvement. Gollas's level of performance and professionalism were below the expectations of a second-year resident. The university made a well-informed decision to terminate Gollas.

6.  *Conclusion.*

Because he failed to report sexually harassing conduct to university officials before his termination and because the university had clear reason to revoke his residency, Gollas will lose.

Signed on April 20, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge